## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**GLYN BOOTH**                                                                **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:14-CV-918-WHB-JCG**

**WAL-MART STORES, INC.**                                                    **DEFENDANT**

### AMENDED COMPLAINT
### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Glyn Booth, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under Title VII and 42 U.S.C. §1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### THE PARTIES

1.      Plaintiff Glyn L. Booth is an adult African-American male who resides in Rankin County at 121 Latter Rayne Drive, Flowood, MS 39232.

2.      Defendant, Wal-Mart Stores, Inc. is a Delaware Corporation doing business in Mississippi and may be served with process through its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

### JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction and venue is proper in this court.

4.      On February 10, 2014, Plaintiff filed a Charge of Race and Retaliation Discrimination with the EEOC.  A true and correct copy of which is attached as Exhibit "A."

On August 28, 2014, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely filed this cause of action within 90 days of his receipt of the Dismissal and Notice of Rights.

### STATEMENT OF FACTS

5.      Plaintiff was hired by Defendant in May 2010 as a Market Manager at a pay rate of $158,000. He was the District Manager for the metro-Jackson and Vicksburg, Mississippi stores, which consisted of seven stores. Of these seven stores, three had black store managers and four had white store managers.

6.      Plaintiff was targeted by his supervisor, Jerry Spencer, white male Divisional President, for "coachings," i.e., disciplinary write-ups.

7.      In February 2013, Plaintiff was placed on a Performance Improvement Plan (PIP) after Jerry Spencer visited the Clinton, MS store. Plaintiff engaged in protected activity by lodging a complaint of race discrimination involving the PIP with the home office and the PIP was removed but not the write-up.

8.      Within forty-five days of Plaintiff's complaint of racial discrimination to the home office, Jerry Spencer returned to Plaintiff's district and rated three of four stores; three were rated "below standard" and one was rated as "unacceptable."

9.      Two of the "below standard" stores were managed by black male store managers and one by a white male. The "unacceptable' store was managed by a white male.

10.      After giving out these store ratings, Mr. Spencer never returned to the "unacceptable" store but focused his attention instead on the two stores managed by Defendant's black store managers.

11.     Spencer then retaliated against Plaintiff and had the Regional General Manager reinstate the PIP on Plaintiff without any justification.

12.     Plaintiff was eventually given two more write-ups (coachings) by Defendant's white agents: (1) in June 2013 for length of lines in the stores and (2) in August 2013 for alleged poor job performance.

13.     Plaintiff complained to Human Resources about his obvious unfair treatment and racially motivated harassment from his superiors in January 2013, but nothing was done by Defendant to alleviate the racially motivated harassment.

14.     Jerry Spencer and Sammy Sappington, newly appointed white male, asked Plaintiff to resign in lieu of termination and allow someone else to fill his position, which he reluctantly did under duress on September 13, 2013, as he could no longer work under these racially hostile work conditions.  Plaintiff was also told that he would remain active in the Wal-Mart system without pay in order to seek another position within the company and that Mr. Spencer and Mr. Sappington would supposedly assist him in finding another job with Wal-Mart.

15.     Plaintiff timely filed a charge of discrimination against Defendant on February 10, 2014.  In approximately April or May 2014, Plaintiff applied for the position of Health & Wellness Director with Defendant, a position for which his background experience made him highly qualified, but he was denied an interview in blatant and obvious retaliation for having filed the charge of discrimination against Defendant a couple of months earlier.

## CAUSES OF ACTION

## COUNT I - VIOLATION OF TITLE VII AND 42 U.S.C. 1981 – RACE DISCRIMINATION

16.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1

through 15 above as if fully incorporated herein.

17.    Defendant's actions were obviously retaliatory for Plaintiff engaging in protected activity by complaining to the home office and was racially motivated as management's agents ie, Sammy Sappington, white male, among others, targeted the stores which had black managers. For example, Defendant's agent and representative toured those stores more often and purposely tried to find issues and instances when management was slim, e.g., Friday nights when the stores had been shopped harder and on weekends.

18.    Plaintiff Glyn Booth is aware of two white Market Managers whose stores were rated "below standard" but they were not given write-ups (coachings) nor placed on PIP's after Spencer's first visit to their stores.

19.    The Defendant violated Title VII and 42 U.S.C. 1981 by allowing management to discriminate against Plaintiff based on his race, African-American.

20.    The unlawful actions of the Defendant and its agents complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT II – VIOLATION OF TITLE VII AND 42 U.S.C. 1981 - RETALIATION

21.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 20 above as if fully incorporated herein.

22.    After Plaintiff engaged in protected activity and made his complaint regarding the racial discrimination of Defendant's white management, the Defendant retaliated against Plaintiff by constructively discharging him by making his working conditions so intolerable that no reasonable person would continue working under such conditions.

23.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

24.     The acts of the Defendant constitute a willful intentional violation of Title VII and 42 U.S.C. § 1981 and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.     Back wages and reinstatement; or
2.     Future wages in lieu of reinstatement;
3.     Compensatory wages;
4.     Punitive damages;
5.     Attorney fees and costs; and
6.     Such other relief as the Court deems just and appropriate.

THIS the 5th day of December 2014.

Respectfully submitted,

GLYN BOOTH, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com

P. 03/04

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 423-2014-00649 |

State or local Agency, if any          and EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Glyn L. Booth | (601) 918-6883 | 11-04-1971 |

Street Address: 121 Latter Rayne Drive,
City, State and ZIP Code: Flowood, MS 39232

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WAL MART | Unknown | (601) 938-7451 |

Street Address: 5520 East Highway 80,    **RECEIVED**
City, State and ZIP Code: Pearl, MS 39208

FEB 10 2014 IK

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **U.S. EEOC/JAO** | | |

Street Address:
City, State and ZIP Code:

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 09-13-2013    Latest: 09-13-2013

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was initially hired in Maay 2010 as a Market Manager (aka District Manager). I last earned $158K annually. During my employment, I was targeted for coachings (disciplinary write-ups) and on September 13, 2013, I resigned my position (constructively discharged-rehireable) after being asked to step out of that role and allow someone else to perform the job.

Jerry Spencer (white male Divisional Vice President), with Regional General Manager Sammy Sappington's knowledge, told me I was not doing a good job. I was asked to resign, but told I would remain active in the system without pay in order for me to seek other employment within the company.

I believe I have been discriminated against because of my race (Black) and in retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, in as much as

1. My area of supervision consisted of seven stores with three Black Store Managers and four white Store Managers.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 10 Feb 14

Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

PLAINTIFF'S EXHIBIT A

RECEIVED TIME  FEB 10   1:06PM

EEOJ Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 423-2014-00649 |

State or local Agency, if any                                and EEOC

2. After visiting the Clinton store (#1710) in February 2013, Spencer gave me a coaching for the condition of the store. I was immediately placed on a Performance Improvement Plan (PIP). I felt this was unfair treatment and lodged a complaint with home office. After doing so, the PIP was removed, but not the coaching.

3. Within forty-five days of calling home office, Spencer returned to the district and rated three of the four stores (three "below standard" and one as "unacceptable"). Of the ones rated "below standard", two were managed by Black male store managers and one by a white male. The one "unacceptable" store was managed by a white male. After receiving these ratings, at no point did Spencer return to the "unacceptable" store, however, he continued to focus his attention on the two stores managed by the Black store managers. He then had Sappington re-instate the PIP and I was eventually given two more coachings: (1) in June or July 2013 for the length of lines in the stores; and (2) Job performance in August 2013;

4. I believe Spencer's actions were retaliatory for my complaint to home office and racially motivated as he targeted the two stores managed by Blacks. He toured those stores more often and at times more opportune for him to find issues and when management was slim, e.g., Friday nights when the stores had been shopped harder and on weekends; and

5. I am aware of two white Market Managers (Ted Parks/MS Delta and Brad Sullivan/NE MS) whose stores were rated "below standard", but they were not given coachings and/or placed on PIPs after a first visit.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 10 Feb 14 _____<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |

EFOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Glyn L. Booth
121 Latter Rayne Drive
Flowood, MS 39232

From: Jackson Area Office
100 West Capitol Street
Suite 338
Jackson, MS 39269

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 423-2014-00649 | Antonio Jones, Investigator | (601) 948-8451 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_Wilma Jones Scott_
Wilma  Scott,
Area Director

8/28/14
(Date Mailed)

cc:

Maile Gilmore, Esquire
Littler Mendelson, P.C.
WAL-MART STORES EAST, LP
333 SE 2nd Avenue, Ste. 2700
Miami, FL  33131



PLAINTIFF'S
EXHIBIT
B