## THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**GLYN BOOTH**                                                                               **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 3:14-cv-918-WHB-JCG**

**WAL-MART STORES, INC.**                                     **DEFENDANT**

### PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH SUPPORTING AUTHORITIES

COMES NOW, the Plaintiff, Glyn Booth, by and through counsel and serves this his Brief in Support of Response to Defendant's Motion for Summary Judgment, and would show the Court the following:

### I. BACKGROUND FACTS

Plaintiff Glyn Booth began his employment with Defendant in May 2010, as a Market Manager.[Doc. 32 at p. 1]. On August 23, 2013, Mr. Booth submitted his letter of resignation that would be effective September 6, 2013. *Id.* at p. 4. On February 10, 2014, Mr. Booth engaged in protected activity by filing a charge of discrimination with the Equal Employment Opportunity Commission complaining of race discrimination. [Doc. 3 at p. 6]. In April or May 2014, Mr. Booth applied for the position of Health and Wellness Director with Defendant. *See* Affidavit of Plaintiff, attached hereto as Exhibit "A." Even though Mr. Booth was highly qualified for the position Defendant denied Mr. Booth an interview for the position. *Id.*

## II. STANDARDS FOR SUMMARY JUDGMENT

### A. Summary Judgment

District courts may properly grant summary judgment only if, viewing the facts in the light most favorable to the non-movant, the movant shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56(c).*

The Fifth Circuit Court of Appeals recently modified the *McDonnell Douglas* approach in the *Rachid* case.

> The plaintiff must still demonstrate a prima facie case of discrimination; the defendant then must articulate a legitimate, non-discriminatory reason for its decision to terminate the plaintiff; and, if the defendant meets its burden of production, '[t]he plaintiff must then offer sufficient evidence to create a genuine issue of material fact 'either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another "motivating factor" is the plaintiff's protected characteristic (mixed motive[s] alternative).'

*Rachid v. Jack in the Box, Inc.*, 376 F.3d at 312; Rishel v. Nationwide Mutual Insurance Company, 297 F. Supp. 2d 854, 865 (M.D. N.C. 2003).

Summary judgment only shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett.*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of identifying the basis for its belief that there is an absence of a genuine issue for trial,

and pointing out those portions of the record that demonstrate such an absence. *Id.* Once the movant has made this initial showing, the nonmoving party must present competent summary judgment evidence to show a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Such evidence consists of specific facts that show a genuine fact issue, such that a reasonable jury might return a verdict in the nonmoving party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence and the reasonable inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

### III. ARGUMENT

**A. Plaintiff's 42 U.S.C.A. 1981 Retaliation Claim Survives Summary Judgment.**

Defendant claims Plaintiff did not engage in protected activity. This is not accurate. Mr. Booth clearly engaged in protected activity by filing a charge of discrimination with the EEOC. Defendant was also aware of the charge because the EEOC mailed the charge and a request for information to Defendant on February 12, 2014, and Defendant responded to the request for information on March 25, 2014. *See* Notification of Charge, attached as Exhibit "B;" *See* EEOC Position Statement, attached as Exhibit "C." Mr. Booth suffered a materially adverse action by not only not being selected for the position, but by Defendant refusal to even consider him for the position. Mr. Booth can show causation as there is only a 2-3 month difference between his protected activity and the adverse action.

Defendant has offered no alleged legitimate non-retaliatory reason for not considering Mr. Booth for the Health and Wellness Director position, and should be prohibited from attempting to add additional evidence and arguments it could have made in its initial motion. *Peteet v Dow Chem. Co.,* 868 F.2d 1428, 1437 (5th Cir. 1989); *Gillaspy v Dallas Indep. Sch. Dist.,* 278 F. App'x 307, 315 (5th Cir. 2008). Plaintiff's Amended Complaint made it clear that he was claiming that part of his retaliation claim was the refusal to consider him for the Health and Wellness Director position. Paragraph 15 of Plaintiff's Amended Complaint specify these facts as retaliation, and paragraph 20 makes sure that the facts identified in paragraph 15 are incorporated in his retaliation claim. [Doc. 3]. As such, Plaintiff's retaliation claim should proceed to a jury as he can show a *prima facie* case of retaliation, and Defendant has offered no legitimate non-retaliatory reason for its action.

**B.　Plaintiff Concedes His Title VII Claims and 42 U.S.C. 1981 Race Discrimination Claim.**

Plaintiff concedes to the dismissal of his Title VII claims, and his 42 U.S.C. 1981 race discrimination claim.

### CONCLUSION

As set forth above, the Plaintiff has presented evidence to satisfy his burden to defeat the Defendant's Summary Judgment Motion. The Court should thus allow Plaintiff's claim to proceed to trial.

THIS, the 2nd day of September, 2015.

          Respectfully submitted,

          By: /s Nick Norris

          Louis H. Watson, Jr.  (MB# 9053)
          Nick Norris (MB# 101574)
          Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive
Suite G
Jackson, Mississippi 39216
(601) 968-0000
Fax: (601) 968-0010
nick@watsonnorris.com

## CERTIFICATE OF SERVICE

I, Nick Norris, attorney for Plaintiff do hereby certify that I have this day filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing or mailed, via United States Mail, postage prepaid, on all counsel of record.

SO CERTIFIED, this the 2nd day of September, 2015.

/s Nick Norris

Nick Norris
