IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GLYN BOOTH                                                                                PLAINTIFF

V.                                          CIVIL ACTION NO.: 3:14-cv-918-WHB-JCG

WAL-MART STORES EAST, LP                                      DEFENDANT

**DEFENDANT'S REBUTTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On September 2, 2015, Plaintiff submitted an opposition to Wal-Mart's motion for summary judgment, conceding the majority of the claims that Plaintiff brought against Wal-Mart. Plaintiff submits that his retaliation claim should survive summary judgment because, approximately nine months after he voluntarily resigned from Wal-Mart's employment (on August 23, 2013) and between two and three months after Mr. Booth filed an EEOC charge (on February 10, 2014) regarding alleged Title VII violations that took place while Mr. Booth was employed with Wal-Mart, he submitted an application for a Health & Wellness Market Manager position with Wal-Mart and he was not selected for an interview for that position.

Plaintiff states that the May 2014 application submitted by him was not addressed in Defendant's initial motion for summary judgment.[1] Plaintiff is correct; this was an inadvertent oversight by the undersigned counsel for Defendant. Counsel was under the impression, however, based on the entirety of Plaintiff's deposition testimony on June 17, 2015, that

---

[1] Plaintiff did not file a new EEOC charge or file an Amended Charge alleging that that he was retaliated against in May 2014 when he was not granted an interview by Wal-Mart. The only EEOC charge filed by Plaintiff is his February 10, 2014 charge.

1

Plaintiff's retaliation allegations focused only on positions he applied for at Wal-Mart (including a Health and Wellness Market Manager position which is addressed in Defendant's motion for summary judgment) prior to Plaintiff submitting his resignation letter to Wal-Mart on August 23, 2013.  Exhibit 1, pp. 33-41.  Moreover, Plaintiff testified that the only people he believe acted unlawfully against him were Sammy Sappington, Plaintiff's direct supervisor during Plaintiff's work tenure, and Jerry Spencer, Mr. Sappington's direct supervisor.  Exhibit 1, pp. 12-13. Defense counsel tried to be as thorough as possible when the motion for summary judgment was submitted.  As a matter of equity and to conserve future judicial and litigation resources, Counsel respectfully requests that the Court give due consideration to the following facts which demonstrate that Plaintiff cannot sustain a retaliation cause of action against Wal-Mart based on his May 2014 application for the Health and Wellness Market Manager position.

Curtis Kirby is the Regional Health and Wellness Director in Mississippi for Wal-Mart Stores, Inc.  Exhibit 2.  He directly supervises Health and Wellness Market Managers who are responsible for managing the Pharmacy and Vision Center operations in the stores.  Exhibit 2. During Mr. Booth's work tenure with Wal-Mart, and prior to August 23, 2013 when Mr. Booth resigned from employment, Mr. Booth applied for a Health and Wellness Market Manager position under Mr. Kirby's supervision but he did not get the position because he was not the most qualified candidate for the position.  Exhibit 2.[2]  Through that process, Mr. Kirby was familiar with Mr. Booth's qualifications for the Health & Wellness Market Manager position at issue.

---

[2] Plaintiff concedes in his Opposition that he cannot sustain a retaliation claim for the positions he applied for with Wal-Mart prior to his resignation from employment on August 23, 2013.

In May 2014, another Health & Wellness Market Manager position came open. At that time, Mr. Booth was no longer working with Wal-Mart but was working as a District Manager with Bath & Body Works in the Memphis, Tennessee area, a job that he had obtained in August 2013 and had at the time of his deposition on June 17, 2015. Exhibit 1, pp. 9-11.

After the May 2014 Health and Wellness position was posted, Mr. Kirby received forty-seven applications for the position and Mr. Kirby selected four candidates for an interview. Exhibit 2. The four candidates who were selected for an interview were all current Wal-Mart employees. Exhibit 2. After the interview process, the person who was selected for the open position was Ms. Angela Winders. Ms. Winders is a licensed Pharmacist who had previously been a practicing Pharmacist at a Wal-Mart store, and who also had spent six months at the Home Office in Bentonville, Arkansas working on special projects. Ms. Winders was highly qualified for the position and she was the most qualified candidate out of the forty-seven candidates who submitted an application and of the four candidates who were chosen for an interview. Exhibit 2. Moreover, as sworn to by Mr. Kirby in his Declaration, Mr. Kirby possessed no knowledge at the time he selected the four candidates for an interview that Plaintiff had filed an EEOC charge against Wal-Mart in February 2014. Exhibit 2.

The legal framework for addressing Plaintiff's retaliation claims are set out in Defendant's memorandum in support of the summary judgment motion. *See* Defendant's Summary Judgment Memorandum, p. 15. To prevail on his claim, Plaintiff must ultimately show "but for" causation; that is, Plaintiff would have been interviewed for the position and he would have received the position but for the fact he filed an EEOC charge in February 2014. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533 (2013). In addition to Mr. Booth, forty-two other candidates were <u>not</u> selected for an interview by Mr. Kirby and the four who

3

were selected were all internal Wal-Mart candidates and who were the most qualified for the position. Mr. Booth can make no showing that 1) he should have been granted an interview by Mr. Kirby and 2) even if he would have been interviewed, he would have received the position rather than Ms. Winders.

Defendant respectfully requests that the Court consider the foregoing facts to address Plaintiff's claim that he was retaliated against when he was not selected for an interview in May 2014, which was nine months after he resigned from employment and between two and three months after he filed his February 10, 2014 EEOC charge. Defendant submits that the undisputed facts, as set forth in Mr. Kirby's Declaration, demonstrate that Wal-Mart did not retaliate against Plaintiff regarding his May 2014 application. Defendant respectfully requests that the Court grant Wal-Mart's summary judgment motion in its entirety.

DATED, this the 14th day of September, 2015.

    Respectfully submitted,

    s/Steven R. Cupp
    Steven R. Cupp (MSB #99975)
    Jaklyn Wrigley (MSB #103773)
    Fisher & Phillips LLP
    2505 14th Street, Suite 300
    Gulfport, MS 39501
    Phone: 228-822-1440
    Facsimile: 228-822-1441
    scupp@laborlawyers.com
    jwrigley@laborlawyers.com

**CERTIFICATE OF SERVICE**

I, Steven R. Cupp, of the law firm of Fisher & Phillips, LLP, do hereby certify that I have filed the foregoing with the Clerk of Court utilizing the ECF-System which sent a copy of same to the following:

>Louis H. Watson, Jr., Esq.
>Nick Norris, Esq.
>WATSON & NORRIS, PLLC
>1880 Lakeland Drive, Suite G
>Jackson, Mississippi 39216
>Tel: (601) 968-0000
>Fax: (601) 968-0010

DATED, this the 14th day of September, 2015.

>s/Steven R. Cupp
>Steven R. Cupp, Esq.