# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**GLYN BOOTH**                                                    **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:14-cv-918-WHB-JCG**

**WAL-MART STORES, INC.**                                   **DEFENDANT**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Summary Judgment. Having considered the pleadings, the attachments thereto, as well as supporting and opposing authorities the Court finds:

The Motion should be granted to the extent it seeks summary judgment on Plaintiff's claims arising under Title VII of the Civil Rights Act and his claim of race discrimination in violation of 42 U.S.C. § 1981 as Plaintiff has conceded to the dismissal of these claims.

The Motion should be granted to the extent it seeks summary judgment on Plaintiff's retaliation/constructive discharge claim[1] under 42 U.S.C. § 1981 on the grounds that he has not shown that there exists a genuine issue of material fact with respect to this claim.

---

[1] In his Section 1981 retaliation/constructive discharge claim, Booth alleges that after he "engaged in protected activity and made his complaint regarding the racial discrimination of Wal-Mart's white management, Wal-Mart retaliated against him by constructively discharging him by making his working conditions so intolerable that no reasonable person would continue working under such conditions." Am. Compl., ¶ 22.

The Motion should presently be denied to the extent it seeks summary judgment on Plaintiff's retaliation/refusal to interview claim under 42 U.S.C. § 1981 because Plaintiff was not provided an opportunity to respond to the evidence/arguments offered in support of this Motion. To provide Plaintiff adequate opportunity to respond to the Motion for Summary Judgment on his retaliation/refusal to interview claim, and in order for the Court to determine whether there exists a fact question with respect to this claim that needs to be resolved by a jury, the Court will re-open briefing to address the remaining retaliation/refusal to interview claim.

### I. Factual Background and Procedural History

Glyn Booth ("Booth"), who is black, was employed by Wal-Mart Stores, Inc. ("Wal-Mart") as a District Manager. Booth alleges that he was "targeted" by Divisional President Jerry Spencer ("Spencer"), who is white. The targeting included disciplinary write-ups, coaching on store conditions, and placement on a Performance Improvement Plan ("PIP").

Booth complained to Wal-Mart about the alleged targeting, which he claims was "obvious unfair treatment and racially motivated harassment" in January 2013. Am. Compl. ¶ 13. Booth alleges that after he complained, Spencer rated three of the stores he oversaw as being either "below standard" or "unacceptable", and

that Spencer continually "focused" on the stores that were managed by black store managers. Id. at ¶ 10. The alleged focus resulted in Booth's being subjected to additional write-ups and corrective plans of action. Id. at ¶¶ 12-13. In September of 2013, Booth resigned from his position with Wal-Mart allegedly because "he could no longer work under the[] racially hostile work conditions" to which he was being subjected. Id. ¶ 14.

On February 10, 2014, Booth filed a Charge of Discrimination with the EEOC alleging race-based discrimination and retaliation. See id., Ex. A. After the Charge was filed, Booth applied to Wal-Mart for a position of Health & Wellness Director. Id. at ¶ 15. Booth alleges that Wal-Mart refused to interview him for this position in retaliation for his having filed the Charge of Discrimination.[2] The EEOC issued a Right to Sue Notice on August 28, 2014, and Booth filed suit in this Court on November 26, 2014.

In his Complaint, Booth alleges he was discriminated against on the basis of race, and retaliated against after making complaints about discriminatory conduct, in violation of both Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. § 1981. Wal-Mart has moved for summary judgment on Booth's claims.

## II. Summary Judgment Standard

---

[2] There is no evidence that Booth amended his Charge of Discrimination, or filed a second Charge, with respect to the refusal to interview allegations.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The movant need not, however, support the motion with materials that negate the opponent's claim. Id. As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. Id. at 323-24. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324.

Summary judgment can be granted only if the record shows no genuine issues of material fact exist. It is improper for the courts to "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." Kennett-Murray Corp. v. Bone, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is also improper where the court merely believes it unlikely the non-moving party will prevail at trial. National Screen Serv. Corp. v. Poster Exchange, Inc., 305 F.2d 647, 651 (5th Cir. 1962).

### III. Discussion

Wal-Mart has moved for summary judgment on Booth's claims of racial discrimination and retaliation under Title VII. Wal-Mart

4

has also moved for summary judgment on Booth's claim of racial discrimination in violation of 42 U.S.C. § 1981. In response, Booth concedes to the dismissal of these claims. See Mem. in Supp. of Resp. [Docket No. 38], 4 (responding that Booth "concedes to the dismissal of his Title VII claims, and his 42 U.S.C. § 1981 race discrimination claim."). Accordingly, the Court will grant the Motion for Summary Judgment as to these claims.

The Court next considers Booth's Section 1981 retaliation claims. Retaliation claims under Section 1981 are analyzed using the McDonnell Douglas burden-shifting scheme. See Rios v. Rossotti, 252 F.3d 375, 380 (5th Cir. 2001).

> To establish a claim for retaliation under ... § 1981, a plaintiff must demonstrate that (1) he engaged in a protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal connection between the protected activity and the adverse action.... [I]f the plaintiff establishes a prima facie case of retaliation, the burden shifts to the defendant to show a legitimate, non-discriminatory reason for the action. If the defendant offers a legitimate reason, the burden then shifts back to the plaintiff to show that the defendant's stated reason is pretextual. Ultimately, the plaintiff must show that "but-for" the protected activity, the adverse action would not have occurred.

Mayberry v. Mundy Contract Maint. Inc., 197 F. App'x 314, 317 (5th Cir. 2006)(internal quotations omitted).

In support of his retaliation claim, Booth alleges: "After Plaintiff engaged in protected activity and made his complaint regarding the racial discrimination of Defendant's white management, the Defendant retaliated against Plaintiff by constructively discharging him by making his working conditions so intolerable that no reasonable person would continue working under

5

such conditions." Am. Compl. ¶ 22.

Wal-Mart has moved for summary judgment on Booth's retaliation/constructive discharge claim arguing that he has failed to make a prima facie showing of retaliation because (1) there is no evidence that Booth engaged in a protected activity prior to the date on which he was allegedly constructively discharged, and (2) there is no evidence that he was constructively discharged. See Mem. in Supp. of Mot. for Sum. J. [Docket No. 32], 15-19. According to Wal-Mart, the evidence in the record shows that Booth voluntarily resigned from his position as Market Manager. Booth has not presented any evidence or argument with respect to his retaliation/constructive discharge and, as such, the Court finds he has failed to show that there exists a genuine issue of material fact with respect to this claim. Accordingly, the Court finds the Motion for Summary Judgment as to Booth's retaliation/constructive discharge claim should be granted.

Although not raised in the "Causes of Action" section of his Amended Complaint, Booth also alleges that he was retaliated against when Wal-Mart refused to interview him for the position of Health & Wellness Director ("Director") after he filed his Charge of Discrimination with the EEOC[3]. See Am. Compl. at ¶ 15. Wal-Mart argues that it is entitled to summary judgment on this claim because Booth cannot establish that he would have been granted an

---

[3] Booth's Charge of Discrimination was filed in February of 2014, and the alleged refusal to interview occurred in April or May of 2014.

6

interview, or hired to the Director position, but for the fact he filed his Charge of Discrimination. According to Wal-Mart, Booth was not interviewed/hired because (1) he was not among the top four most-qualified applicants for the position, and (2) the applicant who was ultimately hired was the most qualified as she was a pharmacist, was a current Wal-Mart employee, and had experience working in the Wal-Mart home office on special projects. See Rebuttal [Docket No. 40], 3. Wal-Mart also argues that the individual who selected the applicants for interview did not know that Booth had filed a Charge of Discrimination. Id. Wal-Mart, however, did not raise these arguments, or submit the evidence in support thereof, until its Rebuttal to the Motion for Summary Judgment was filed. As the arguments/evidence were not raised until rebuttal, Booth has not had the opportunity to respond to them and, therefore, has not had the opportunity to demonstrate that a genuine issue of material facts exists with respect to this claim.

Although courts do not generally consider arguments or evidence that are raised for the first time in rebuttal, this Court is mindful that the plaintiff in an employment discrimination case bears the burden of coming forward "with substantial evidence to create a jury question on whether Defendant's reason for the adverse employment action was a pretext for retaliation." Kopszywa v. Home Depot U.S.A., Inc., 2014 WL 5392297, (S.D. Miss. Oct. 22, 2014)(citing, *inter alia*, Strong v. University Healthcare Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007)). Booth has not made

7

such showing because he has not had the opportunity to do so.  In order to provide Booth an opportunity to make the required pretext showing with respect to the retaliation/refusal to interview claim, and in order for the Court to determine whether there exists a fact question with respect to this claim that needs to be resolved by a jury, the Court will re-open briefing in this civil matter to address the remaining retaliation claim.

**IV.  Conclusion**

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgment [Docket No. 37] is hereby granted as to: (1) all Plaintiff's claims under Title VII, codified at 42 U.S.C. § 2000e *et seq.*, (2) Plaintiff's claim of racial discrimination under 42 U.S.C. § 1981; and (3) Plaintiff's retaliation/constructive discharge claim under Section 1981.

IT IS FURTHER ORDERED that the Motion of Defendant for Summary Judgment as to Plaintiff's retaliation/refusal to interview claim under Section 1981 is hereby held in abeyance pending additional briefing on that claim.

IT IS FURTHER ORDERED that Plaintiff is granted up to and including December 4, 2015, to respond to the summary judgment arguments/evidence as to the retaliation/refusal to interview claim that were submitted by Defendant in its Rebuttal.  Defendant shall have up to and including December 14, 2015, in which to respond to Plaintiff's arguments.

IT IS FURTHER ORDERED that the pretrial conference scheduled in this case for December of 2015 is hereby cancelled.  The Court will reschedule a Pretrial Conference in this matter if necessary after the remaining Motion for Summary Judgment is decided.

SO ORDERED this the 19th day of November, 2015.

                                          s/ William H. Barbour, Jr.
                                          UNITED STATES DISTRICT COURT