UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
SOUTHERN DISTRICT OF MISSISSIPPI
Jackson, Mississippi

ARTHUR JOHNSTON
CLERK OF COURT

Arthur_Johnston@mssd.uscourts.gov

501 E. Court St., Suite 2.500
Jackson, MS  39201

TELEPHONE
601-608-4010

August 18, 2021

*Divisions*

SOUTHERN at Gulfport
2012 15th St., Suite 403, Zip 39501

EASTERN at Hattiesburg
701 Main St., Suite 200, Zip 39401

NORTHERN & WESTERN at Jackson
501 E. Court St., Suite 2.500 Zip 39201

To Whom it May Concern:

**Re:** Booth v. Wal-Mart Stores East, L.P.
3:14-cv-00918

It has been brought to my attention that while he presided over the above-referenced case, the late U. S. District Judge William H. Barbour, Jr. owned stock in Wal-Mart Stores, Inc, the parent company of Wal-Mart Stores East, LP through holdings in an IRA. As best we can tell, his ownership of stock in Wal-Mart neither affected nor impacted his decisions in this case. However, his ownership even indirectly through an IRA would have required recusal under the Code of Conduct for United States Judges, and thus the court directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

[A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to this disclosure of Judge Barbour's conflict in this case. Should you wish to respond, please submit your response on or before September 15, 2021. Any response will be considered by another judge of this court.

Sincerely,

*[signature]*

Arthur S. Johnston, III
Clerk of Court